# Exhibit 18:

DLBA's Motion to Dismiss in Joyner v. Detroit, et. al., 23-cv-10715 (E.D. Mich.)

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

<table>
<tr><td>

SHIRLEY JOYNER and
JAMES JOYNER,

                Plaintiffs,

v.

CITY OF DETROIT, a municipal
Corporation, THE DETROIT LAND
BANK AUTHORITY, a public-benefit
Corporation, SUPREME TEAM
DISASTER UNIT, LLC, a Michigan
limited liability company, and
CHARLES HENDON,

                Defendants.

</td><td>

Case No. 23-cv-10715

Hon. Linda V. Parker

**DEFENDANT DETROIT LAND BANK AUTHORITY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

</td></tr>
</table>

Defendant Detroit Land Bank Authority (the "DLBA" or the "Land Bank") moves this Court to dismiss all of Plaintiffs' claims against the DLBA asserted in the Amended Complaint under Fed. R. Civ. P. 12(b)(6) because Plaintiffs' Amended Complaint fails to state any valid cause of action against the Land Bank. In further support thereof, the DLBA incorporates by reference the attached Brief in Support.

WHEREFORE, for the foregoing reasons, as further stated in its Brief in Support, Defendant DLBA respectfully requests this Court: (i) dismiss all claims against the DLBA; (ii) award the DLBA its costs and reasonable attorney fees incurred in filing this Motion; and (iii) grant such other and further relief as is just.

Dated: October 10, 2023

Respectfully submitted,

*/s/ Nathan J. Fink*
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
FINK BRESSACK
645 Griswold St., Suite 1717
Detroit, MI 48226
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com

## LR 7.1 STATEMENT OF CONFERRAL

In accordance with E.D. Mich. LR 7.1(a), there was a conference between counsel for the Detroit Land Bank Authority and counsel for Plaintiffs in which undersigned counsel explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

Dated: October 10, 2023      Respectfully submitted,

*/s/ Nathan J. Fink*
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
FINK BRESSACK
645 Griswold St., Suite 1717
Detroit, MI 48226
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHIRLEY JOYNER and
JAMES JOYNER,

                     Plaintiffs,

v.

CITY OF DETROIT, a municipal
Corporation, THE DETROIT LAND
BANK AUTHORITY, a public-benefit
Corporation, SUPREME TEAM
DISASTER UNIT, LLC, a Michigan
limited liability company, and
CHARLES HENDON,

                     Defendants.

Case No. 23-cv-10715

Hon. Linda V. Parker

**DEFENDANT DETROIT LAND BANK AUTHORITY'S BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................1

FACTS .................................................................................................2

STANDARD OF REVIEW ......................................................................3

ARGUMENT ........................................................................................4

      I.     Plaintiffs Fail to State a Claim Against the DLBA for Violation of the Fifth Amendment .............................................................4

      II.    Plaintiffs Fail to State a Claim Against the DLBA Under the Fourteenth Amendment ..........................................................7

      III.   Plaintiffs Fail to State a Claim for Violation of the Seventeenth Amendment .....................................................................9

      IV.   Plaintiffs Fail to State a Claim for "Bad Faith" ....................9

      V.    Plaintiffs Fail to State a Claim for "Legal Coercion" .........10

      VI.   Plaintiffs' Claims for "Bad Faith" and "Legal Coercion" are Barred by Governmental Immunity ...................................12

CONCLUSION ...................................................................................16

## <u>STATEMENT OF ISSUE PRESENTED</u>

Whether this Court should dismiss Plaintiffs' First Amended Complaint as to the DLBA pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

Defendant DLBA's Answer:     YES

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

*Ashcroft v. Iqbal*, 555 U.S. 1030 (2009).

**Rules**

Fed. R. Civ. P. 8.

Fed. R. Civ. P. 12(b)(6).

# TABLE OF AUTHORITIES

**Cases**

,
   727 F.3d 502 (6th Cir. 2013) ...................................................................3

                                                         , 568 U.S. 23 (2012) ................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..............................................................4, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................4

*Bigelow v. Michigan Dep't of Nat. Res.*, 970 F.2d 154 (6th Cir. 1992) ....................8

*Chenega Mgmt., LLC v. United States*, 96 Fed. Cl. 556 (Fed. Cl. 2010) ......... 10, 12

*City of Canton v. Harris*, 489 U.S. 378 (1989) ..........................................................8

*Dextrom v. Wexford Cnty.*, 789 NW2d 211 (2010) ..................................................14

*Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007) ...............................................3

*Evans v. Crowe & Mulvey, LLP*,
   Case No. 20-00082, 2020 WL 12934041 (D. Haw. Apr. 23, 2020) ....................10

*Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603 (6th Cir. 2009) ..................................4

*Herman v. City of Detroit*, 680 N.W.2d 71 (Mich. Ct. App. 2004) ........................14

*In re Schmalenberg*, 623 B.R. 858 (Bankr. W.D. Wash. 2020) ..............................11

*Jacobson-Campbell Excavation, Inc. v. M&I Marshall & Ilsley Bank*,
   285 P.3d 395 (Table), 2012 WL 4121126 (Ct. App. Kan. 2012) ........................10

*Kewin v. Mass. Mut. Life Ins. Co.*, 295 N.W.2d 50 (Mich. 1980) ..........................12

                                                         , 480 U.S. 470 (1987) .................6

*Leber v. United States*, 146. Fed. Cl. 9 (Fed. Cl. 2019) ...........................................12

*Mack v. City of Detroit*, 649 N.W.2d 47 (Mich. 2002) ............................................13

*Mezibov v. Allen,* 411 F.3d 712 (6th Cir. 2005) .......................................................4

, 436 U.S. 658 (1978) .................................................8

*Odom v. Wayne Co.*, 760 N.W.2d 217 (Mich. 2008) ..............................................13

*Pakdel v. City & Cnty. of San Francisco, California*,
141 S. Ct. 2226, 210 L. Ed. 2d 617 (2021) ...........................................................6

*Paull v. First UNUM Life Ins. Co.*, 744 N.Y.S.2d 95 (N.Y. App. Div. 2002) ........11

*Puckett v. Lexington-*                                   , 833 F.3d 590 (6th Cir. 2016)........5

*Richardson v. Jackson Cnty.*, 443 N.W.2d 105 (1989) .................................... 14, 15

*Ross v. Consumers Power Co.*, 363 N.W.2d 641 (Mich. 1984) ..............................14

*SCM Corp. v. United States*, 211 Ct. Cl. 309 (Ct. Cl. 1976) ....................................12

*Tate v. City of Grand Rapids*, 671 N.W.2d 84 (Mich. Ct. App. 2003)............. 13, 14

*Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005) ................................8

*Torncello v. United States*, 681 F.2d 756 (Ct. Cl. 1982) .........................................10

*Wesche v. Mecosta Co. Rd. Comm'n*, 746 N.W.2d 847 (Mich. 2008) ....................14

, 972 F.3d 881 (6th Cir. 2020).................7

*Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003) ..................................3

**Statutes**

Mich. Comp. Laws § 691.1402................................................................................13

Mich. Comp. Laws § 691.1405................................................................................13

Mich. Comp. Laws § 691.1406................................................................................13

Mich. Comp. Laws § 691.1407(4) ..........................................................................13

Mich. Comp. Laws § 691.1413................................................................................13

Mich. Comp. Laws § 691.1417(2) and (3) .............................................................14

Mich. Comp. Laws § 691.1401................................................................................13

Mich. Comp. Laws § 691.1401(1) ..........................................................................13

Mich. Comp. Laws §§ 124.751-124.774 .................................................................12

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................... 3, 16

Fed. R. Civ. P. 8(a)(2) .............................................................................................3

# **INTRODUCTION**

Plaintiffs have filed this lawsuit alleging, among other claims, that the DLBA violated their rights under the Fifth, Fourteenth and Seventeenth[1] Amendments to the U.S. Constitution. Precisely how the DLBA allegedly violated Plaintiffs' constitutional rights is not apparent from the First Amended Complaint (FAC) (ECF No. 3). The FAC is nearly silent regarding any meaningful allegations against the DLBA. The gravamen of Plaintiffs' claims regarding the DLBA appears to be that Plaintiffs felt that they were coerced by the City of Detroit's Buildings, Safety, Engineering & Environmental Department (BSEED) into registering their vacant, fire-damaged residential property (the "Property") as a vacant property with the City, which led to the DLBA indicating that it might take action to abate the nuisance conditions on the Property. While Plaintiffs' frustrations with the contractor they hired to rehabilitate the Property are understandable, the DLBA has acted lawfully regarding Plaintiffs and the Property. Indeed, despite asserting five causes of action against the DLBA, Plaintiffs do not allege that the DLBA has deprived them of any property interest, or damaged them in any way.

---

[1] Plaintiffs have pled a claim under the Seventeenth Amendment (Count IX) (ECF No. 3, PageID.31)—the Amendment allowing voters to cast direct votes for U.S. senators. Of course, this is a patently frivolous claim. Plaintiffs' counsel advised undersigned counsel that Plaintiffs would voluntarily dismiss that Count; however, as of the filing of this Motion, Plaintiffs have taken no action to dismiss the claim.

The DLBA is tasked with returning blighted and vacant properties in the City of Detroit to productive use. That is what the DLBA did here. Plaintiffs were (correctly) informed by BSEED that they had to register the Property as vacant with the City and the DLBA (lawfully) informed Plaintiffs that the Land Bank would take action to abate nuisance conditions at the Property, if Plaintiffs did not do so themselves. Plaintiffs' claims against the DLBA are frivolous and they should be dismissed with prejudice.

## FACTS

Plaintiffs' Property suffered significant fire damage in April 2018. FAC at ¶ 16. Plaintiffs have not resided at the Property since the 2018 fire. FAC at ¶ 17. Plaintiffs allege that they have been unable to repair the Property due to various circumstances, including their contractor allegedly absconding with the money paid to him to rehabilitate the Property. FAC at ¶¶ 23-39. The Property has sat vacant for more than five years. The Property is uninhabitable and continues to deteriorate because it is open to the elements. FAC at ¶ 37. Due to the condition of the vacant Property, BSEED issued fines to Plaintiffs and correctly informed Plaintiffs that they were required to register the Property as vacant. FAC at ¶¶ 40-42. Because the Land Bank determined that the Property constituted a nuisance due to its deteriorating condition, the DLBA gave Plaintiffs notice to abate the nuisance conditions in March 2022. FAC at ¶ 43. The DLBA has attempted to work with Plaintiffs to resolve the

situation since March 2022. FAC at ¶ 47. However, Plaintiffs have not yet taken any meaningful action to abate the nuisance condition of the Property. While Plaintiffs have filed this lawsuit accusing the DLBA of a "taking," the DLBA has not taken any legal action regarding the Property to date, and Plaintiffs possess title to the Property. FAC at ¶ 45. The DLBA is sympathetic to Plaintiffs' circumstances. However, the DLBA has a duty to the people of the City of Detroit to ensure that vacant and blighted properties are remediated.

## STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). When evaluating a motion under Rule 12(b)(6), a court construes the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

However, the court must also look to the complaint to determine whether it pleads each of the elements of each cause of action as required by Fed. R. Civ. P. 8(a)(2). This rule "imposes both legal *and* factual demands" on plaintiffs. *16630* , 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements,

3

supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009);.

In order to survive a motion to dismiss, a complaint must provide the grounds of the

entitlement to relief, which requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007).

The claims set forth in a complaint must be plausible, rather than conceivable.

*See Id*. at 570. "Factual allegations must be enough to raise a right to relief above

the speculative level, on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)." *Id*. at 555 (internal citation omitted). A legal

conclusion couched as a factual allegation need not be accepted as true, nor are

recitations of the elements of a cause of action sufficient. *See Hensley Mfg. v.

ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009). "Conclusory allegations or legal

conclusions masquerading as factual allegations will not suffice." *Mezibov v.

Allen,* 411 F.3d 712, 716 (6th Cir. 2005). The plaintiff must provide the grounds

of their entitlement to relief "rather than a blanket assertion of entitlement to

relief." *Twombly,* 550 U.S. at 557.

## **ARGUMENT**

### I.  **Plaintiffs Fail to State a Claim Against the DLBA for Violation of the Fifth Amendment**

Plaintiffs' Count VII appears to be premised on the idea that the DLBA

committed a taking when Plaintiffs registered their Property as "vacant" with the

City. This claim is meritless. "The Takings Clause of the Fifth Amendment prohibits taking 'private property…for public use, without just compensation." *Puckett v. Lexington-_____*, 833 F.3d 590, 609 (6th Cir. 2016) (Quoting U.S. Const. Amend. V). A Taking occurs when the government authorizes the "permanent physical occupation of a property" or where the government "requires a property owner to sacrifice all economically beneficial uses of his or her land." _____, 568 U.S. 23, 31 (2012).

Here, Plaintiffs do not allege that the DLBA (or the City) has taken title to the Property. Instead, Plaintiffs allege that they "own the Property outright." FAC at ¶ 45. Nor do Plaintiffs allege any permanent physical occupation or any burdensome regulation of the Property. All that the Plaintiffs allege is that the Property sustained significant fire damage in April 2018, that Plaintiffs moved out of the Property shortly thereafter, and that they registered the *vacant* Property as vacant with the City. FAC at ¶¶ 16, 17, 21. The only allegation against the DLBA in Count VII is that, as a result of BSEED requiring Plaintiffs to register the Property as vacant, the Property became "needlessly subject to the jurisdiction of the DLBA[.]"[2] FAC at ¶

---

[2] Contrary to Plaintiffs' implications in the FAC, there is no requirement that a property be registered as vacant with BSEED before the DLBA may initiate a nuisance abatement action. Nor does a property being registered as vacant affect whether the DLBA will begin nuisance abatement proceedings against a property.

86. Plaintiffs do not explain (nor could they explain) how their registration of the Property as vacant with the City constituted a Taking by the DLBA.

Plaintiffs also allege that the DLBA sent notice that the Property constituted a nuisance and that the Land Bank might take action to abate the nuisance, absent action from Plaintiffs. FAC at ¶¶ 44-45. However, Plaintiffs do not allege that any nuisance abatement action was taken by the DLBA.[3] Even if the DLBA did take action to abate the Property through its Nuisance Abatement Program, it is well established that, when the government takes title to property that constitutes a nuisance, no cognizable Taking has occurred.

*DeBenedictis*, 480 U.S. 470, 492 n. 22 (1987) ("Courts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance").

Plaintiffs have failed to allege that the DLBA has violated their rights under the Fifth Amendment and Count VII against the DLBA should be dismissed with prejudice.

---

[3] Even if there were some legal basis to support Plaintiffs' Takings claim against the Land Bank (and there is not), it would still fail because it is not ripe for adjudication where, as here, Plaintiffs fail to allege a final decision by the Land Bank regarding the Property. *See Pakdel v. City & Cnty. of San Francisco, California*, 141 S. Ct. 2226, 2228, 210 L. Ed. 2d 617 (2021) ("a federal court should not consider [a Takings] claim before the government has reached a 'final' decision.")

## II. Plaintiffs Fail to State a Claim Against the DLBA Under the Fourteenth Amendment

Plaintiffs' Count VIII, which alleges that the DLBA violated Plaintiffs' due process rights in violation of the Fourteenth Amendment, is entirely conclusory. In order to state a valid due process claim under the Fourteenth Amendment, Plaintiffs must allege: "(1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process."                                                             , 972 F.3d 881, 890 (6th Cir. 2020).

Plaintiffs fail to allege that the DLBA has deprived them of any property interest, let alone that the DLBA did so without adequate process. The only two allegations regarding the DLBA contained in Count VIII are that the "DLBA…engaged in proactive efforts to deprive Plaintiffs of their Property…" and that the "DLBA's policies and procedures coupled with their express acts related to the Property violated the Plaintiffs' Fourteenth Amendment rights…" FAC at ¶¶ 95-96. Plaintiffs do not make any non-conclusory factual allegations about the "proactive efforts" or "express acts" supposedly made by the DLBA. Instead, the allegations regarding the DLBA consist solely of "threadbare recitals of a cause of

action's elements, supported by merely conclusory statements[,]" which are insufficient to state a claim. *Ashcroft*, 556 U.S. at 663.[4]

Although not entirely clear from the FAC whether Plaintiffs are even alleging a claim under § 1983, to the extent that they are, the claim fails as a matter of law. Under § 1983, a plaintiff must identify a municipal policy or custom that was the "moving force behind the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989);                               , 436 U.S. 658, 694 (1978). A plaintiff may prove a policy or custom by demonstrating one of the following: "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Plaintiffs do not (and cannot) plausibly plead the existence of an official policy or custom attributable to the DLBA that was the moving force behind their alleged constitutional violations.[5] Since Plaintiff has not identified an official policy or custom attributable to the DLBA, the § 1983 claim fails.

---

[4] Moreover, as with the Takings claim, the due process claim is not ripe for adjudication. *See Bigelow v. Michigan Dep't of Nat. Res.*, 970 F.2d 154, 160 (6th Cir. 1992) (the "finality" requirement applies to due process claims arising from an alleged taking).

[5] Plaintiffs do not allege a policy of inadequate training or supervision.

### III. Plaintiffs Fail to State a Claim for Violation of the Seventeenth Amendment

The Seventeenth Amendment provides for the direct election of senators. U.S. Const. Amend. XVII. It is not apparent what relevance the Seventeenth Amendment has to this dispute regarding a residential property and the FAC does nothing to clarify the issue. Plaintiffs' Count IX merely states that the "DLBA's policies and procedure coupled with their express acts related to the Property violated Plaintiffs' Seventeenth Amendment rights entitling them to damages." FAC at ¶ 100. This an absurdly frivolous claim and a textbook example of a conclusory allegation that is insufficient to state a claim under *Twombly* and *Iqbal*. This Count should be dismissed.[6]

### IV. Plaintiffs Fail to State a Claim for "Bad Faith"

Plaintiffs allege that "the DLBA engaged in bad faith in its dealings with Plaintiffs, entitling them to damages." FAC at ¶ 107. It is not entirely clear what, exactly, Plaintiffs are even alleging in this Count. The DLBA is not aware of a cause of action for "bad faith" against the government in the context of a dispute arising out of a fire-damaged and blighted residential property. Typically, "bad faith" claims

---

[6] Plaintiffs included this same claim in their original Complaint. (ECF No. 1, PageID.11). Giving Plaintiffs the benefit of the doubt, perhaps this was originally pled in error—an oversight of some kind while finalizing and filing the lawsuit. What cannot possibly be explained is how Plaintiffs could amend their complaint and still include this same baseless claim.

are brought against insurance companies or, perhaps, against the government arising out of contractual relationships.

In those contractual relationship claims, in order to overcome the presumption that governmental officials are presumed to act in good faith (*see Chenega Mgmt., LLC v. United States*, 96 Fed. Cl. 556, 581 (Fed. Cl. 2010)), a plaintiff must come forward with "almost irrefragable" evidence of bad faith. *Info. Tech. Applications Corp. v. United States*, 316 F.3d 1312, 1323 n. 2 (Fed. Cir. 2003). "In cases where the court has considered allegations of bad faith, the necessary 'irrefragable proof' has been equated with evidence of some specific intent to injure the plaintiff." *Torncello v. United States*, 681 F.2d 756, 770 (Ct. Cl. 1982). Plaintiffs have not carried their burden of alleging evidence of some specific intent—or *any* intent for that matter—by the DLBA to injure them. Instead, this count is supported by a single, conclusory allegation that the DLBA acted "in bad faith."

## V. Plaintiffs Fail to State a Claim for "Legal Coercion"

Plaintiffs allege a claim for "legal coercion" against the DLBA. Plaintiffs have failed to establish that "legal coercion" is a cognizable cause of action, or what the elements of this novel cause of action might be. Many jurisdictions do not recognize "coercion" as an independent cause of action. *See, e.g.*, *Evans v. Crowe & Mulvey, LLP*, Case No. 20-00082, 2020 WL 12934041, at *4 (D. Haw. Apr. 23, 2020) ("The court is aware of no legal authority recognizing an independent tort of coercion under

10

Hawaii law."); *Jacobson-Campbell Excavation, Inc. v. M&I Marshall & Ilsley Bank*, 285 P.3d 395 (Table), 2012 WL 4121126, at *7 (Ct. App. Kan. 2012) (noting that Kansas does not recognize coercion as an independent tort); *Paull v. First UNUM Life Ins. Co.*, 744 N.Y.S.2d 95, 98 (N.Y. App. Div. 2002) (noting that New York does not recognize coercion as an independent tort).

Even if "legal coercion" were a cognizable cause of action under Michigan law—which it is not—this claim fails because Plaintiffs have not alleged that the DLBA "coerced" them to do anything, let alone that the DLBA has done anything giving rise to a cause of action. The substance of this claim appears to be that Plaintiffs believe BSEED coerced them into registering the Property as vacant with the City. Plaintiffs allege that registering vacant Property as vacant "creat[ed] a situation where the DLBA threatened to initiate legal action to take title to Plaintiffs' Property where they did not sign a rehabilitation agreement under the DLBA's terms." FAC at ¶ 111. However, the DLBA is authorized by law to abate nuisance conditions on privately owned properties in the City of Detroit. (Ex. 1 – NAP Resolution). "A mere threat to exercise a legal right made in good faith is neither duress nor coercion in law." *In re Schmalenberg*, 623 B.R. 858, 874 (Bankr. W.D. Wash. 2020) (brackets omitted).

## VI. Plaintiffs' Claims for "Bad Faith" and "Legal Coercion" are Barred by Governmental Immunity

Even assuming that Plaintiffs have stated valid claims for "bad faith" and "legal coercion," these causes of action sound in tort and are therefore barred by governmental immunity. Claims of "bad faith" usually arise in the context of a contractual relationship. *See, e.g.*, *Kewin v. Mass. Mut. Life Ins. Co.*, 295 N.W.2d 50, 56 (Mich. 1980) (holding that Michigan law does not recognize the bad faith breach of an insurance contract as independently actionable tort); *Chenega*, 96 Fed. Cl. At 575 (discussing claim of bad faith in the context of government contracting). Here, there is no contractual relationship between the parties; thus, Plaintiffs' "bad faith" claim sounds in tort. *See SCM Corp. v. United States*, 211 Ct. Cl. 309, 310 (Ct. Cl. 1976) ("Plaintiff's charge that defendant is guilty of 'gross bad faith and misconduct" also suggests a claim in tort[.]"). Assuming *arguendo* that "legal coercion" is a cognizable cause of action, it also sounds in tort. *Leber v. United States*, 146. Fed. Cl. 9, 12 (Fed. Cl. 2019).

The DLBA is an independent governmental entity authorized by the Michigan Land Bank Fast Track Act, 2003 PA 258, Mich. Comp. Laws. §§ 124.751-124.774 and created pursuant to an intergovernmental agreement with the Michigan Land Bank. (Ex. 2 – Second Amended and Restated Intergovernmental Agreement between the Michigan Land Bank Fast Track Authority and the City of Detroit Creating the Detroit Land Bank Authority). As a governmental agency, the DLBA

is generally immune from tort liability under the Michigan Governmental Tort Liability Act (GTLA). Mich. Comp. Laws. § 691.1401, *et seq*.

"A governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." *Mack v. City of Detroit*, 649 N.W.2d 47, 53 (Mich. 2002) (citing Mich. Comp. Laws. § 691.1401(1)). The GTLA grants broad immunity to governmental agencies, extending immunity "to all governmental agencies for *all* tort liability whenever they are engaged in the exercise or discharge of a governmental function." *Tate v. City of Grand Rapids*, 671 N.W.2d 84, 86 (Mich. Ct. App. 2003) (citations omitted). To bring an action against a governmental agency, "[a] plaintiff…must initially plead his claims in avoidance of governmental immunity." *Odom v. Wayne Co.*, 760 N.W.2d 217, 227 (Mich. 2008). "A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Mack*, 649 N.W.2d at 57. There are six statutorily created exceptions: the highway exception, Mich. Comp. Laws § 691.1402; the motor-vehicle exception, Mich. Comp. Laws § 691.1405; the public-building exception, Mich. Comp. Laws § 691.1406; the proprietary-function exception, Mich. Comp. Laws § 691.1413; the governmental-hospital exception, Mich. Comp. Laws § 691.1407(4); and the sewage-disposal-system-event exception,

13

Mich. Comp. Laws § 691.1417(2) and (3). *Wesche v. Mecosta Co. Rd. Comm'n*, 746 N.W.2d 847, 853 n. 10 (Mich. 2008). Plaintiffs did not plead in avoidance of governmental immunity, and their tort claims must be dismissed for this reason alone.

For a GTLA analysis, a governmental activity is either a "governmental function" or an *ultra vires* act. *Ross v. Consumers Power Co.*, 363 N.W.2d 641, 661 (Mich. 1984). "A governmental function is an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." *Herman v. City of Detroit*, 680 N.W.2d 71, 74 (Mich. Ct. App. 2004) (quotation marks omitted). The definition of "governmental function" is to be "broadly applied." *Id.* In order "to determine whether a governmental agency is engaged in a governmental function, the focus must be on the general activity, not the specific conduct involved at the time of the tort." *Tate*, 671 N.W.2d at 87. The "[i]mproper performance of an activity authorized by law is, despite its impropriety, still 'authorized' within the meaning of the" governmental function test. *Richardson v. Jackson Cnty.*, 443 N.W.2d 105, 108 (1989). Conversely, an *ultra vires* activity is one that is "not expressly or impliedly mandated or authorized by law." *Dextrom v. Wexford Cnty.*, 789 NW2d 211, 218 (2010). *Ultra vires* activity "is not activity that a governmental agency performs in an unauthorized manner[; …] it is activity that

14

the governmental agency lacks legal authority to perform in any manner." *Richardson*, 443 N.W.2d at 109.

Here, the DLBA was acting pursuant to its lawful authority in informing Plaintiffs that the Land Bank might take action to abate the nuisance conditions on the Property. The DLBA's Nuisance Abatement Program is authorized by a Detroit City Council resolution empowering the Land Bank to "abate public nuisances by any action legally available" through delegation of the City's police power. (Ex. 1 – NAP Resolution). The Nuisance Abatement Program is also authorized by the Second Amended and Restated Memorandum of Understanding between the City of Detroit and the DLBA, which directs the DLBA to "exercise the power to abate public nuisances by pursuing any action legally available." (Ex. 3 – Second Amended and Restated MOU).

Plaintiffs have not alleged (because they cannot) that the DLBA is acting in any unauthorized manner. Therefore, under the GTLA, because the DLBA is acting in the exercise of its governmental function, the DLBA is immune from suit for any tort claims, unless the claim falls into one of the six statutory exceptions. Because Plaintiffs' claims do not fall within any of the statutory exceptions to governmental immunity, Plaintiffs' claims for "bad faith" and "legal coercion" must be dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, the Detroit Land Bank Authority respectfully requests this Court (i) dismiss all claims against it under Fed. R. Civ. P. 12(b)(6); (ii) award the DLBA its costs and reasonable attorney's fees incurred in filing this Motion; and (iii) grant such other and further relief as is just.

Dated: October 10, 2023

Respectfully submitted,

*/s/ Nathan J. Fink*
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
FINK BRESSACK
645 Griswold St., Suite 1717
Detroit, MI
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com

*Counsel for the DLBA*