# Exhibit 19:
# DLBA's Reply Brief in Support of Motion for Default Judgment in NAP Case No. 22-010720-CH

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MIKE DUGGAN, Mayor, City of Detroit,
And the DETROIT LAND BANK AUTHORITY,
a public body corporate,

  Plaintiffs,
vs                 Hon. Leslie Kim Smith
                   Case No. 22-010720-CHc

19765 ARCHDALE, DETROIT, MICHIGAN 48235; AMARRAS INVESTMENTS LLC; LL 15 LLC; ET AL.;

  Defendants.
_____/

| | |
|---|---|
| Giuseppe Palazzolo (P79176) | Ian T. Cross (P83367) |
| Amy Barnard (P71028) | *Counsel for Defendants* |
| David Coppiellie (P78414) | 402 W. Liberty St. |
| DETROIT LAND BANK AUTHORITY | Ann Arbor, MI 48103 |
| *Counsel for Plaintiffs* | (734) 994-9590 |
| 500 Griswold Street, Suite 1200 | ian@lawinannarbor.com |
| Detroit, MI 48226 | |
| (313) 261-9914 | |

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

  NOW COME Plaintiffs, by and through the undersigned counsel, and for their Response in Opposition to Defendants' Response to Plaintiff's Motion for Default Judgment, hereby state as follows:

**I. INTRODUCTION AND STATEMENT OF FACTS**

  Defendant 3 ONE 3 LLC owns the residential property located at 15384 Linwood in the City of Detroit (the "Property"). Defendants' Response is premised on the incorrect assumption that Plaintiffs filed this action in an attempt to take title to the Property. Defendants misunderstand the purpose of this action and similar nuisance actions filed by the Detroit Land Bank Authority

1

(the "Land Bank" or the "DLBA"): Plaintiffs filed this action to compel Defendants to maintain the Property in a lawful manner. Plaintiffs seek an award of fee simple title to the Property as a last resort, *only if* Defendants are unwilling or unable to abate the nuisance and maintain the Property in a lawful manner. A court order instructing Defendants to abate the nuisance, as mentioned in the Complaint, will equally suffice to provide Plaintiff relief.

### A. The Property

Much of Defendants' 10-page brief is irrelevant and immaterial, addressing properties not involved in this lawsuit. Indeed, Defendants make little attempt to argue that the Property at issue—15384 Linwood—is not blighted, other than to conclude that it is "structurally sound and in relatively good condition" Response, page 4. As shown in Plaintiff's Motion for Default Judgment, the Property is in an advanced state of deterioration, with a missing back corner of the structure. As noted in the Visual Inspection Affidavit (the "Inspection Affidavit") attached as Exhibit B to the Motion for Default Judgment, the Property is in violation of multiple sections of the Detroit Code of Ordinances: the Property is open to the elements as there is a "small hole in the back of the home's foundation"; the Property is littered with "Solid Waste/Debris/Garbage"; and there are "Holes/Breaks in exterior walls [that] allow for water/animal entry."

### B. The Land Bank's Mission

The Land Bank is a public body corporate created under the Land Bank Fast Track Act (the "LBFTA"), MCL 124.751, *et seq*. The DLBA was created to assemble or dispose of public property, including tax reverted property, in a coordinated manner to foster the development of property and to promote economic growth in the City of Detroit.

Defendants contend that the DLBA is failing to carry out its mission because it does not restore properties it has acquired through nuisance abatement actions like this one. The DLBA's mission is, indeed, to return the city's blighted and vacant properties to productive use. It is not

Document received by the MI Wayne 3rd Circuit Court.

feasible for the DLBA to renovate all of the properties it acquires. Consequently, the DBLA utilizes a number of programs to sell or otherwise transfer properties to people and other entities to renovate and maintain. Defendants refer to several exemplar properties in their Response. None of these properties are at issue in this lawsuit, and any discussion of them is irrelevant to the arguments put forward by Defendants. Nonetheless, the present condition of each of these properties demonstrates that the DLBA is successfully carrying out its mission of returning blighted properties to productive use.

Defendants fault the DLBA for failing to renovate the property at 18075 Roselawn. As of July 2022, the purchaser supplied the DLBA with proofs of renovation and occupancy, and the home was rehabilitated as depicted below:



Defendants fault the Land Bank for failing to renovate the property at 17300 Woodingham.[1] As of June 2022, the home was renovated and occupied:

---

[1] Defendants allege in their Motion that 17300 Woodingham was "Scott Seltzer's house." Response at 5. While Mr. Seltzer may have been the owner of record, he did not reside at the property. The DLBA does not pursue nuisance abatement actions against occupied residences.

3

Document received by the MI Wayne 3rd Circuit Court.



Defendants fault the Land Bank for failing to renovate the property at 1211 Edison. As of July 2022, the home was renovated and occupied:



Defendants fault the Land Bank for failing to renovate the property at 17336 Prairie. As of June 2022, the home was renovated and occupied:

4

Document received by the MI Wayne 3rd Circuit Court.



Defendants fault the Land Bank for failing to renovate the property at 405 E. Grand Boulevard. As of September 2023, the home was renovated and occupied:



## II. LAW AND ARGUMENT

### A. Legal Standard

In the present case, a default has been entered and MCR 2.603(B)(3) discusses when the court should not enter the default judgment after a default has been entered and a motion made to enter the default judgment. MCR 2.603(B)(3) provides the court discretion to conduct hearings if necessary "to enter a default judgment or to carry it into effect." Motions to set aside a default judgment are governed by MCR 2.603(D). In order for a court to set aside a default, the defaulted party must show good cause, and also must illustrate that they have a meritorious defense via a verified statement of facts, unless the argument is grounded in lack of jurisdiction over the defendant. MCR 2.603(D). Except when grounded on lack of jurisdiction over the defendant, a motion to set aside a default or a default judgment generally may be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed. *Park v. American Cas. Ins. Co.,* 219. Mich. App. 62, 66-67 (1996). No meritorious defense or good cause has been shown, and Plaintiff's requested relief only requires this Court to enter the default judgment.

In addition, "it also has been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229 (1999). Courts have found that the "good cause requirement . . . may be satisfied by demonstrating a procedural irregularity or defect or a reasonable excuse for failing to comply with the requirements that led to the default judgment,'" and have outlined 9 factors to consider when determining if a party has shown good cause. *Bullington v Corbell*, 293 Mich App 549, 560-561(2011); *Shawl v. Spence Bros., Inc.,* 280 Mich. App. 213 (2008). Defense has *not* shown through application of any of the *Shawl* factors that there was good cause in the failure to respond. For example, the *Shawl* court considered "whether the party completely failed to respond or simply missed the deadline to file;" and "if the party simply

6

missed the deadline to file, how long after the deadline the filing occurred." Here, Defense has missed the deadline and produced a filing more than 6 months after the default was entered. Likewise, the Shawl court considered "the duration between entry of the default judgment and the filing of the motion to set aside the judgment." Here, there has been sufficient time between the entry of the default and Defense's response.

Lastly, the Shawl court considered "whether there was defective process or notice…the circumstances behind the failure to file or file timely…[and] whether the failure was knowing or intentional." *Shawl v. Spence Bros., Inc.,* 280 Mich. App. 213 (2008). Here, service and notice were proper, Defendant did not respond due to a lack of diligence, and this was intentional as Defense would have been made aware of the circumstances during the first hearing. Courts have held that the "carelessness or neglect of either the litigant or his attorney is not normally grounds for granting a belated application to set aside a default regularly entered." *White v Sadler*, 350 Mich 511, 522(1957). Based on the above, the default judgment should be entered.

### B. Plaintiffs Have Produced Sufficient Evidence to Establish that the Property is a Statutory Nuisance

Plaintiffs have produced more than sufficient evidence to establish that the Property is a nuisance under MCL 600.3801. Defendants have produced no evidence concerning 15384 Linwood to refute that offered by the Land Bank. Furthermore, as set forth above, the Property is dilapidated and is in violation of multiple sections of the City Property Maintenance Code.

Defendants rely on *Ypsilanti Charter Twp. V. Kircher*, 281 Mich. App. 251, 283 (2008) to conclude that this Court does have the authority to grant Plaintiff's requested relief. Specifically, Defendant argues that *Kircher* holds that any equitable award is "entirely unauthorized by law." (Response, page 7). The issue in *Kircher* was not that the remedy itself was unauthorized, but rather that the assigned receiver was not entitled to an equitable lien based on the facts of that case.

7

Document received by the MI Wayne 3rd Circuit Court.

*Kircher*, 281 Mich. App. at 285. Crucially, Defendants overlook MCL 600.3825(d), which authorizes a court to grant "any other equitable relief the court considers necessary" to abate a nuisance.

The nuisance abatement complaint filed by the Land Bank has alleged that the property at issue is a public nuisance. It is well established in Michigan that "a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from litigating that issue." *Wood v DAIIE*, 413 Mich 573, 578; 321 NW2d 653 (1982). Stated differently, the property at issue has been adjudicated to be a public nuisance. *Kircher* recognizes that "the circuit court [is] therefore constitutionally authorized to take steps toward abating the nuisance conditions." *Kircher*, 281 Mich at 271, 272.[2] This Court is thus empowered to grant the equitable relief Plaintiffs request pursuant to the statute.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment should be entered pursuant to MCR 2.603(B)(3).

DATED:                                        Respectfully submitted,

DETROIT LAND BANK AUTHORITY

/s/David Coppiellie
Giuseppe Palazzolo (P79176)
Amy Barnard (P71028)
David Coppiellie (P78414)
DETROIT LAND BANK AUTHORITY
*Counsel for Plaintiffs*
500 Griswold Street, Suite 1200
Detroit, MI 48226

---

[2] Additionally, because the property at issue has been adjudicated to be a common-law public nuisance, the DLBA need not rely on the nuisance abatement statute to take title, and reporting requirements that apply to property taken under the statute, such as those imposed by MCL 600.3841, do not apply to the DLBA.

Document received by the MI Wayne 3rd Circuit Court.

(313) 261-9914

9

Document received by the MI Wayne 3rd Circuit Court.