# Exhibit 4:

DLBA's Response to Agee Defendants' Requests for Admissions in NAP Case No. 23-013657-CH

STATE OF MICHIGAN
THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE

MIKE DUGGAN, Mayor, City of Detroit,        Case No. 23-013657-CH
and the DETROIT LAND BANK AUTHORITY,
a public body corporate,                       Hon. Leslie Kim Smith

      Plaintiffs,

v.

530 HENDRIE, DETROIT MI 48202
AUBREY AGEE II, JO LYNN LEWIS,
DAVID MOORE, and
VINCENT P. LARGE AGEE, et al.

      Defendants.

---

**PLAINTIFFS' RESPONSES TO THE AGEE DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS**

      Plaintiffs, by and through their attorneys, respond to the Requests for Admissions served by 530 Hendrie, Detroit, MI 48202, Aubrey Agee II, Jo Lynn Lewis, David Moore and Vincent P. Large Agee (collectively the "Agee Defendants") under MCR 2.302 and MCR 2.312 as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

      Plaintiffs' responses to the Agee Defendants Requests for Admissions were prepared in full compliance with the Michigan Court Rules and pursuant to a reasonable and duly diligent search for the information properly requested. The scope of the investigation conducted to located responsive information was limited to making inquiries to those most likely to be knowledgeable about specific matters at issue and to reviewing files in which information related to such matters is ordinarily expected to be found. To the extent that the discovery requests purport to require an investigation that exceeds this scope, Plaintiffs object because such a requirement (1) exceeds the scope of permissible discovery and (2) improperly attempts to impose an unreasonable burden and expense upon Plaintiffs.

Document received by the MI Wayne 3rd Circuit Court.

Plaintiffs object to any requests that purport to require the production of information protected from disclosure by attorney-client privilege, attorney work-product doctrine or other privilege. Plaintiffs will not produce privileged documents. Plaintiffs have indicated in their answers any documents withheld on the basis of a privilege from production, with the exception of documents maintained in attorney working files for which any disclosure, in itself, would infringe the attorney-client privilege and the attorney work product doctrine.

Plaintiffs have not yet completed their investigation of the facts related to this litigation. Consequently, all of the responses are based only on such information and documentation that is presently available to Plaintiffs. It is anticipated that further investigation, research and analysis will supply additional facts, add meaning to known facts, and perhaps establish entirely new factual conclusions, all of which may lead to additions or changes to these responses. Plaintiffs reserve the right to supplement these responses in accordance with the Michigan Court Rules. However, Plaintiffs will not treat the requests as continuing and Plaintiffs' duties to supplement will be governed solely by MCR 2.302(E).

Plaintiffs object to the Agee Defendants definitions and instructions as improper and unduly burdensome to the extent that they (1) purport to impose any obligations broader than those set forth in the Michigan Court Rules; (2) purport to define terms or phrases in a manner different from their ordinary meaning, and (3) improperly seek information protected by attorney-client privilege and/or attorney work-product doctrine.

## **REQUESTS FOR ADMISSIONS**

## **REQUEST FOR ADMISSION NO. 1:**

Document received by the MI Wayne 3rd Circuit Court.

Please admit that on March 15, 2024, during a pretrial hearing in this case, Plaintiffs made an oral motion for entry of an order transferring title to 530 Hendrie St. from the Agee Defendants to Plaintiff Detroit Land Bank Authority.

**RESPONSE: Plaintiffs object to this Request because it seeks information that has no relevance to any party's claims or defenses. Specifically, whether Plaintiffs made an oral motion for transfer of title in open court has no relevance to whether the 530 Hendrie property is a public nuisance. Plaintiffs object to this Request because it appears to be improperly directed to Plaintiffs' counsel. Plaintiffs will not respond to this improper Request.**

## REQUEST FOR ADMISSION NO. 2:

Please admit that Michigan's public nuisance statute, codified at MCL § 600.3801 through MCL § 600.3841, is the purported legal basis under which Plaintiffs sought to take title to the Agee Defendants' real property.

**RESPONSE: Plaintiffs object to this Request because it seeks information that has no relevance to any party's claims or defenses. The legal authority for plaintiffs' legal claims is not a disputed issue of fact in this litigation. Plaintiffs object to this Request because it seeks information set forth in Plaintiffs' Complaint, which is equally available to the Agee Defendants. Plaintiffs object to this Request because the Request assumes a fact not in evidence, that Plaintiffs seek to "take title to the Agee Defendants' real property." Plaintiffs filed this action to force the Agee Defendants, and other owners of real property that constitutes a public nuisance, to remediate the nuisance conditions present on their property. Subject to and without waiving their objections, Plaintiffs deny that they "sought to take title" to the Agee Defendants' real property.**

3

Document received by the MI Wayne 3rd Circuit Court.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that lawsuits brought under Plaintiff's Nuisance Abatement Program, including this lawsuit, are civil forfeiture actions.

**RESPONSE: Plaintiffs object to this Request because it seeks information that has no relevance to any party's claims or defenses. Specifically, whether or not this lawsuit is a "civil forfeiture action" has no relevance to whether the 530 Hendrie property is a public nuisance. Plaintiffs object that this Request improperly calls for a legal conclusion. Plaintiffs object to this Request to the extent that it is vague and ambiguous regarding the term "civil forfeiture actions." Subject to and without waiving their objections, Plaintiffs deny that lawsuits brought under the Nuisance Abatement Program, including this one, are civil forfeiture actions.**

**REQUEST FOR ADMISSION NO. 4:**

Please admit that between February 1, 2016 and December 31, 2023, Plaintiffs did not report any seizure and forfeiture activities conducted under its Nuisance Abatement Program to the department of state police as required under the uniform forfeiture reporting act, per MCL § 600.3841(1).

**RESPONSE: Plaintiffs object to this Request because it seeks information that has no relevance to any party's claims or defenses. Specifically, any reporting requirements Plaintiffs may be subject to and their compliance therewith has no relevance to whether the 530 Hendrie property is a public nuisance. Plaintiffs object to this Request as it assumes a fact not in evidence, namely that Plaintiffs conduct "seizure and forfeiture activities under its Nuisance Abatement Program". Plaintiffs will not respond to this improper Request.**

Document received by the MI Wayne 3rd Circuit Court.

**REQUEST FOR ADMISSION NO. 5:**

Please admit that between February 1, 2016 and December 31, 2023, Plaintiff Detroit Land Bank Authority sold over one hundred houses that it had previously acquired through its Nuisance Abatement Program to third-party buyers.

**RESPONSE: Plaintiffs object to this Request because it seeks information that has no relevance to any party's claims or defenses. Specifically, the disposition of other real property acquired by the Land Bank in carrying out its Nuisance Abatement Program has no relevance to whether the 530 Hendrie property is a public nuisance. Plaintiffs will not respond to this improper Request.**

**REQUEST FOR ADMISSION NO. 6:**

Please admit that [sic] February 1, 2016 and December 31, 2023, Plaintiff Detroit Land Bank Authority did not remit any proceeds from the sale of property that Plaintiff acquired through the Nuisance Abatement Program "to the state treasurer to be credited to the general fund of this state" per MCL § 600.3825(3)(d).

**RESPONSE: Plaintiffs object to this Request because it seeks information that has no relevance to any party's claims or defenses. Specifically, any remittance requirements Plaintiffs may be subject to and their compliance therewith has no relevance to whether the 530 Hendrie property is a public nuisance. Plaintiffs object to this Request as it assumes a fact not in evidence, namely that Plaintiffs have any obligation to "remit any proceeds from the sale of property…acquired through the Nuisance Abatement Program[.]" Plaintiffs will not respond to this improper Request.**

**REQUEST FOR ADMISSION NO. 7:**

5

Document received by the MI Wayne 3rd Circuit Court.

Please admit that Plaintiffs have no knowledge of any specific occasion within the 90 days prior to the date of filing of their Complaint on which any of the criminal act enumerated in MCL § 600.3801(1)(a) through MCL § 600.3801(1)(g) were committed at 530 Hendrie Street.

**RESPONSE: Admit only that Plaintiffs presently have no knowledge of any specific occasion within the 90 days prior to the date of filing of their Complaint on which any of the criminal act enumerated in MCL 600.3801(1)(a) through MCL 600.3801(1)(g) were committed at 530 Hendrie Street. Plaintiffs deny any implication that the 530 Hendrie Street property is not a public nuisance.**

**REQUEST FOR ADMISSION NO. 8:**

Please admit that Plaintiffs have no knowledge of any specific occasion within the 90 days prior to the date of the filing of their Complaint on which any prostitute or other disorderly person was physically present at 530 Hendrie Street.

**RESPONSE: Admit only that Plaintiffs presently have no knowledge of any specific occasion within the 90 days prior to the date of filing of their Complaint on which any prostitute or disorderly person was physically present at the 530 Hendrie property. Plaintiffs deny any implication that the 530 Hendrie Street property is not a public nuisance.**

**REQUEST FOR ADMISSION NO. 9:**

Please admit that Plaintiffs filed a previous lawsuit against Defendant 530 Hendrie Street in or about November of 2015 in the Wayne County Circuit Court, which was assigned Case No. 15-014682-CH.

**RESPONSE: Plaintiffs object to this Request because it seeks information that has no relevance to any party's claims or defenses. Any previous lawsuit filed against the 530 Hendrie property regarding nuisance conditions then existing has no relevance to whether**

Document received by the MI Wayne 3rd Circuit Court.

the 530 Hendrie property is currently a public nuisance. Subject to and without waiving their objections, Plaintiffs admit.

**REQUEST FOR ADMISSION NO. 10:**

Please admit that the factual allegations and legal theories you pled in support of the claims you raised against Defendant 530 Hendrie Street in the aforementioned 2015 lawsuit, Case No. 15-014682-CH, are similar or identical to the factual allegations and legal theories you pled in support of your claims in the instant lawsuit.

**RESPONSE: Plaintiffs object to this Request because it seeks information that has no relevance to any party's claims or defenses. Specifically, any previous lawsuit filed against the 530 Hendrie property regarding nuisance conditions then existing has no relevance to whether the 530 Hendrie property is currently a public nuisance. Subject to and without waiving their objections, Defendants deny the Request. The 15-014682-CH lawsuit was filed by Plaintiffs based on the nuisance conditions existing on the 530 Hendrie property at the time that lawsuit was filed in 2015.**

**REQUEST FOR ADMISSION NO. 11:**

Please admit that in or about November of 2016, you voluntarily dismissed your claims against Defendant 530 Hendrie Street in the aforementioned 2015 lawsuit, Case No. 15-014682-CH.

**RESPONSE: Plaintiffs object to this Request because it seeks information that has no relevance to any party's claims or defenses. Specifically, any previous lawsuit filed against the 530 Hendrie property regarding nuisance conditions then existing, and/or the dismissal thereof, has no relevance to whether the 530 Hendrie property is currently a public nuisance. Subject to and without waiving their objections, Plaintiffs admit.**

Document received by the MI Wayne 3rd Circuit Court.

Respectfully submitted as to objections only,

**FINK BRESSACK**

DATED: May 30, 2024

 /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
Philip D.W. Miller (P85277)
David A. Bergh (P83696)
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
pmiller@finkbressack.com
dbergh@finkbressack.com

*Attorneys for Mayor Mike Duggan and the DLBA*

Document received by the MI Wayne 3rd Circuit Court.

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2024, I electronically filed the foregoing paper with the clerk of court using the MiFile electronic filing system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

**FINK BRESSACK**

DATED: May 30, 2024

 /s/ Nathan J. Fink
Nathan J. Fink (P75185)
Philip D.W. Miller (P85277)
David A. Bergh (P83696)
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
nfink@finkbressack.com
pmiller@finkbressack.com
dbergh@finkbressack.com

*Attorneys for Mayor Mike Duggan and the DLBA*

Document received by the MI Wayne 3rd Circuit Court.