# Exhibit 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MIKE DUGGAN, Mayor, City of Detroit,
and the DETROIT LAND BANK AUTHORITY,
a public body corporate,

      Plaintiffs,

v.                                                                   Hon. Leslie Kim Smith
                                                                   Case No. 23-008404-CH

12634 FLANDERS, DETROIT, MICHIGAN 48205, ET AL.,

      Defendants.
_____/

**GIUSEPPE PALAZZOLO (P79176)**
Principal Attorney, Detroit Land Bank Authority
**NICCOLE HUDSON (P78710)**
Attorneys for Plaintiffs
500 Griswold Street, Suite 1200
Detroit, Michigan 48226
(313) 502-5280
_____/

### JUDGMENT OF DEFAULT ORDER
### AS TO 5163 GARLAND, DETROIT, MICHIGAN 48213 AND CLARENCE S. DAY II ONLY

At a session of said court held in the City of Detroit,
County of Wayne, State of Michigan
on    6/17/2024   .

PRESENT: HON. LESLIE KIM SMITH
Wayne County Circuit Court, Judge

THIS MATTER is before the Court on Plaintiffs' application for entry of a Judgment of Default, pursuant to MCR 2.603(B)(3) and MCR 3.601, as to the Owner and Interest Holder CLARENCE S. DAY II of Defendant property 5163 GARLAND, DETROIT, MICHIGAN 48213, more specifically known as:

    Legal Description: W GARLAND 42 BEWICKS SUB L30 P29 PLATS, W C R 21/579 30 X 118.99A

Parcel ID Number: 21038116

Commonly known as: 5163 GARLAND, DETROIT, MICHIGAN 48213

The Court has heard Plaintiffs' proofs and has taken judicial notice of the danger, injuries, harm, and threat of harm posed by abandoned buildings to City of Detroit residents and is fully informed.

    Pursuant to Docket Directive 2018-03, Plaintiffs have made the following minimum diligent inquiry and service of process efforts with respect to the Defendant Owner/Interest Holder in the attempt to provide actual notice of the proceedings and an opportunity to be heard: 1) complete searches of the records of the Wayne County Register of Deeds and the Wayne County Treasurer, to identify ownership interests; 2) electronic investigative searches to identify the last known address of the Owner and Interest Holder; and 3) service of process by personal service. The Defendant Owner/Interest Holder of the Property is not an infant, incompetent person, or member of the military service of the United States of America or Michigan.

    THEREFORE, IT IS ORDERED:

1. The Property is declared a public nuisance and a common law nuisance per se. The Property constitutes an unreasonable interference with a common right enjoyed by the general public, including conduct that significantly interferes with the public's health, safety, peace, comfort, and convenience, including that of Plaintiffs, and is declared a blight upon the surrounding neighborhood, city and county.

2. For the reasons stated in Plaintiffs' Complaint, and because the Defendant Owner and Interest Holder has failed to abate the nuisance, and no other remedy being available, title to the Property is hereby transferred to Plaintiff Detroit Land Bank Authority.

3. Plaintiff Detroit Land Bank is hereby granted the right to enter the Property and to abate the nuisance as it deems appropriate, including by demolition or sale.  Plaintiff Detroit

Land Bank Authority may treat all personal property as abandoned and dispose of it without tort or other liability. When Plaintiffs have abated the nuisance, they are entitled to receive any insurance proceeds paid to the City of Detroit under MCL 500.2845 (1980 PA 495).

4. The Defendant Owner and Interest Holder of the Property remains responsible for all property taxes, water bills, mortgage or other liens, blight tickets, or levies due upon the Property, up to and including the date of this Judgment transferring title to Plaintiff Detroit Land Bank Authority and are further responsible for Plaintiffs' attorney fees and court costs to date.

5. IT IS FURTHER ORDERED that Plaintiff Detroit Land Bank Authority is granted, upon its presentment of supporting documentation to the Court, a money judgment in its favor and against Defendant Owner and Interest Holder for any additional costs remaining from the costs incurred by Plaintiffs, or a Designee, including but not limited to the City of Detroit, in abating the nuisance, actual attorney fees and court costs, and property taxes, liens and levies due and owing by the Defendant Owner and Interest Holder of the Defendant Property including the costs of demolition as provided by MCL 125.541A(2), compliance, attorneys fees and costs .

Plaintiffs shall record a true copy of this Judgment with the Wayne County Register of Deeds.

This Order closes this case as to Defendants 5163 GARLAND, DETROIT, MICHIGAN 48213 AND CLARENCE S. DAY II ONLY.

**THIS IS NOT A FINAL ORDER AND DOES NOT CLOSE THE CASE.**

IT IS SO ORDERED.

/s/ Leslie Kim Smith
June 17, 2024
_____
HONORABLE LESLIE KIM SMITH
Judge, Wayne County Circuit Court

Approved as to form and content:

**GIUSEPPE PALAZZOLO (P79176)**
Principal Attorney, Detroit Land Bank Authority


/s/ NICCOLE HUDSON
**NICCOLE HUDSON (P78710)**
Attorney, Detroit Land Bank Authority
Attorneys for Plaintiffs
500 Griswold Street, Suite 1200
Detroit, Michigan 48226
(313) 502-5280